# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLIE A. ROSS,**

        **Petitioner,**

**v.**                                       **Civil Action No. 1:11cv126**
                                            **Criminal Action No. 1:04cr25**
                                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On October 16, 2008, the *pro se* petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of West Virginia. Upon review of the petition, the Honorable Irene Berger noted that the petitioner was requesting that his conviction and sentence from the Northern District of West Virginia be overturned by asserting constitutional violations and other grounds. Although styled as a Section 2241 petition, Judge Berger found it to be a thinly veiled Section 2255 motion. Accordingly, the petitioner was notified that his petition would be recharacterized as Section 2255 Motion to Vacate. The petitioner was given until July 13, 2011, in which to inform Judge Berger in writing whether he objected to the recharacterization. On July 12, 2011, the petitioner filed a written notification that he did not object to the recharacterization. Accordingly, on July 15, 2011, Judge Berger transferred the case to this Court.

On August 9, 2011, the Clerk of Court sent the petitioner a Notice of Deficient Pleading and attached this Court's approved Section 2255 form. The petitioner completed the form and returned it on August 30, 2011. Upon a preliminary review of the petitioner's § 2255 motion, it appeared that the motion was untimely. Thus, pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002), the

undersigned issued a notice advising the petitioner that his case would be recommend for dismissal unless he could show that his motion was timely. (Doc. 78). To date, more than twenty-one days later, the petitioner has filed no response.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On June 16, 2004, the petitioner pleaded guilty to possession of pseudoephedrine with intent to manufacture methamphetamine (count two) and possession of a firearm in furtherance of a drug trafficking crime (count three) in the Northern District of West Virginia. On March 15, 2005. The petitioner was sentenced to one hundred nine (109) months of imprisonment as to count two, a consecutive period of imprisonment of sixty (60) months as to count three, and concurrent three-year terms of supervised release.

### B. Appeal

On May 12, 2005, the petitioner filed a direct appeal. In an unpublished opinion entered April 5, 2006, the United States Court of Appeals for the Fourth Circuit dismissed the appeal finding that the petitioner, in his plea agreement, waived his right to appeal his sentence. The Court also found that the Government did not breach the plea agreement, and the petitioner's sentence placed him within the scope of the appeal waiver. United States v. Ross, 175 F. App'x 177 (4th Cir. 2006). The mandate was entered on May 1, 2006.

### C. Federal Habeas Corpus

In the petition, petitioner asserts the following grounds for relief:

(1) one of the charges was made without due process of law in violation of the Fifth Amendment;

(2) the Government breached its contract which promised a ten year sentence in exchange

for a guilty plea;

    (3) falsification of the record and charge by the Government prejudiced the sentencing judge; and

    (4) he lost the 3-point downward departure for failure to corroborate false statements;

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The United States Court of Appeals for the Fourth Circuit dismissed the petitioner's direct appeal of April 5, 2006. The petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States. Therefore, the petitioner's conviction became final for purposes of the one-year statute of limitations on July 4, 2006, or ninety days after the Fourth Circuit entered

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

judgment on the direct appeal. See Clay v. United States, 537 U.S. 522 (2003) (holding that in the context of post-conviction relief, "for federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, [Section] 2255's one-year limitation period starts to run when the time for seeking such review expires."); United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009). Accordingly, the petitioner had until July 5, 2007, in which to timely file a § 2255 motion. The instant motion was filed on October 16, 2008, more than 15 months too late.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In this case, despite adequate notice from the Court, the petitioner has failed to show that he is entitled to equitable tolling or that his petition is otherwise timely.

### III. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within fourteen (14) days after being served with a copy of this Report and

Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 11-2-2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE